| | |
|---|---|
| DREW HARTLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NANCY FREEMAN, JOSHUA STEIN, ) | |
| BOB SHURMEIER, and ERIK HOOKS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on defendants' motions to dismiss for lack of subject matter and personal jurisdiction, and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) (DE 31, 36). Plaintiff did not respond, and in this posture, the issues raised are ripe for ruling. For the reasons that follow, the court grants defendants' motions to dismiss.

## STATEMENT OF THE CASE

Plaintiff, a former state inmate proceeding pro se, commenced this action by filing a complaint on February 14, 2020, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants Nancy Freeman ("Freeman"), the Wake County District Attorney, Joshua Stein ("Stein"), the North Carolina Attorney General, Bob Shurmeier ("Shurmeier"), Director of the North Carolina State Bureau of Investigations, and Erik Hooks ("Hooks"), Secretary of the North Carolina Department of Public Safety, failed to give him an opportunity to be heard regarding the Wake County Sheriff's determination that plaintiff's

conviction in Florida was substantially similar to an offense in North Carolina requiring plaintiff to register as a sex offender in North Carolina, in violation of his procedural due process rights under the Fourteenth Amendment. As relief, plaintiff seeks as follows: 1) the court declare that North Carolina's current process to determine whether out-of-state offenses are substantially similar to offenses in North Carolina requiring registration as a sex offender violates plaintiff's procedural due process rights under the Fourteenth Amendment; 2) enjoin defendants, their successors, agents, servants, employees, and all persons in active concert or participation with them from placing plaintiff on the North Carolina sex offender registry or prosecuting him for any failure to comply with North Carolina or federal law applicable solely to registered sex offenders without affording him notice and an opportunity to be heard; 3) order defendants to pay costs of the action, including reasonable attorney's fees; and 4) any other relief the court may determine to be just or appropriate.

The court conducted its frivolity review of plaintiff's complaint on August 26, 2020, and allowed the action to proceed. After being granted extensions, defendant Freeman filed her instant motion to dismiss on November 25, 2020. On December 2, 2020, defendants Stein, Shurmeier, and Hooks filed their instant motion to dismiss. As noted above, plaintiff did not respond.

**STATEMENT OF THE FACTS**

In the light most favorable to plaintiff, the facts of the case are as follows. In 2002, a Florida jury found plaintiff guilty of attempted sexual battery and false imprisonment. (Am. Compl. (DE 12) at 3). Plaintiff was sentenced to five to ten years' imprisonment. (Id.). During the criminal proceeding, no judicial hearing was conducted to determine whether plaintiff was

2

required to register as a sex offender. (Id.). From 2002 to 2016, Florida prison officials did not at any time inform plaintiff he was required to register as a sex offender. (Id.).

In 2016, plaintiff was conditionally released from prison and informed he was required to register as a sex offender in Florida. (Id.). Although plaintiff disagreed with officials about registering, plaintiff registered as a sex offender in two counties. Each time, a deputy sheriff of that county determined that plaintiff was required to register, or he would be prosecuted. (Id.). Plaintiff continued to disagree with the registration requirement. (Id.). Plaintiff was not provided prior notice of the registration requirement or a meaningful opportunity to be heard. (Id.).

In May 2017, after termination of his conditional release in Florida, plaintiff moved to Cary, North Carolina in Wake County. (Id.). A deputy sheriff in Wake County determined that plaintiff's 2002 Florida conviction was substantially similar to an offense in North Carolina that would require one to register as a sex offender, and he was required to register as a sex offender. (Id. at 3). The deputy sheriff further informed plaintiff that, if he did not register, he would be subject to felony prosecution. (Id. at 4). Plaintiff was not given prior notice or an opportunity to be heard before or after the determination was made. (Id. 3-4). To avoid being prosecuted, plaintiff registered as a sex offender in Wake County, North Carolina on May 8, 2017. (Id. at 4).

The Wake County Sheriff's Office forwarded plaintiff's registration information to the North Carolina State Bureau of Investigations, and plaintiff's information was posted on North Carolina's sex offender registry. (Id. at 5). As a registered sex offender, plaintiff faces significant restrictions in employment, travel, education enrollment, personal appearance changes, residency restrictions, and social media networks. (Id. at 6).

3

# COURT'S DISCUSSION

A.  Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id.

A motion to dismiss under Rule 12(b)(2) challenges the court's exercise of jurisdiction over a party. "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). At this stage, the court "must construe all relevant pleading allegations in the light most favorable to plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989); see Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993) ("[T]he district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor.").

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient

4

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Additionally, the court need not "accept as true [factual] allegations that contradict matters properly subject to judicial notice or by exhibit." See Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)).

B. Analysis

    1. Subject Matter Jurisdiction

        i. Mootness

The court first addresses defendants' argument that the case should be dismissed for lack of subject matter jurisdiction because the case is moot, and thus, plaintiff lacks standing. While mootness and standing are related concepts, they are also distinct from one another. Friends of the Earth, Inc. v. Laidlaw, 528 U.S. 167, 189 (2000). "[I]f a plaintiff had standing when he or she files a complaint, subsequent events can moot the claim . . . A case becomes moot, and thus deprives federal courts of subject matter jurisdiction when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Pashby v.

5

Delia, 709 F.3d 307, 316 (4th Cir. 2013) (internal citations and quotations omitted); see also Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (noting that a case is moot when there is no longer a case or controversy to be resolved). "[S]tatutory changes that discontinue a challenged practice are usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 116 (4th Cir. 2000) (quotation marks omitted).

Defendants argue that plaintiff's claims are now moot because of subsequent legislation. (Freeman Mem. (DE 32) at 6-7; Hooks, Shurmeier, Stein Mem. (DE 37) at 5-6). After plaintiff filed his complaint, the North Carolina General Assembly passed legislation establishing a new judicial procedure for those convicted of crimes outside of North Carolina. N.C. Gen. Stat. § 14-208.12B. The legislation states that a sheriff may still make the determination that a conviction was substantially similar to a North Carolina offense that, if committed in North Carolina, would require one to register as a sex offender. Id. § 14-208.12B(a). However, one may petition the court to contest the requirement to register. Id. § 14-208.12B(b). Such a petition must be filed within 30 days of a person's receipt of the notification of the requirement to register. Id.

While the court acknowledges that the North Carolina General Assembly has passed legislation providing an avenue to challenge sheriff's determinations regarding whether a conviction is substantially similar to a North Carolina Offense, the determination at issue took place in May 2017. (Am. Compl. (DE 12) at 3). The North Carolina statute did not take effect until August 1, 2020. 2020 N.C. Sess. Laws 83, s. 11.5(e). Since one is required to file a petition within 30 days of a sheriff's determination regarding registration, it does not appear from the

6

Case 5:20-ct-03066-FL   Document 48   Filed 09/28/21   Page 6 of 13

record before the court that plaintiff was given the opportunity to file a petition seeking review. Accordingly, defendants' motion to dismiss on the grounds of mootness is denied.

### ii. Rooker-Feldman Doctrine

Defendant Freeman argues that plaintiff appears to challenge his Florida conviction of sexual battery and false imprisonment, and his placement on the Florida sex registry. (Freeman Mem. (DE 32) at 7). She further argues that, because plaintiff's success on such a challenge requires the court to review the Florida state court's orders, his claims are barred by the Rooker-Feldman doctrine.

This doctrine bars federal courts, with the exception of habeas corpus actions, from sitting "in direct review of state court decisions." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983). "[T]he Rooker-Feldman doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dep't of Transp., 434 F.3d 417, 713 (4th Cir. 2006) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005)). This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. Shooting Point, LLC v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004). A constitutional claim is "inextricably intertwined with a state court decision if 'success on the federal claim depends upon a determination that the state court wrongly decided the issue before it.'" Id. (quoting Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)); see also Curley v. Adams Creek Assocs., 409 Fed. Appx. 678, 680 (4th Cir. 2011) (holding that Rooker-Feldman precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her);

7

Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997) (holding that a federal claim is "inextricably intertwined where in order to grant the federal relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual") (internal quotations omitted).

To the extent plaintiff seeks to challenge his criminal conviction and determination that he must register as a sex offender in Florida, such a claim would be barred by the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-84 (1983) (barring federal courts from sitting "in direct review of state court decisions"). Accordingly, any claims plaintiff is making challenging the Florida state court's decision are dismissed.

2. Personal Jurisdiction

i. Wake County District Attorney Nancy Freeman

Defendant Freeman moves to dismiss herself from the case. She argues that she lacks the required connection to the alleged constitutional violation. Generally, state officials are immune from suit in federal court pursuant to the Eleventh Amendment, but there is an exception regarding "suits for prospective injunctive relief against state officials acting in violation of federal law." Frew ex rel. v. Hawkins, 540 U.S. 431, 437 (2004) (citing Ex parte Young, 209 U.S. 123, 157 (1908)). In such a circumstance, a proper defendant "'must have some connection with the enforcement of the act'" in question. Lytle v. Griffith, 240 F.3d 404, 409 (4th Cir. 2001) (quoting Ex parte Young, 209 U.S. at 157). This "special relation" requirement ensures as follows:

> The appropriate party is before the federal court, so as not to interfere with the lawful discretion of state officials. . . . Primarily, the requirement has been a bar to injunctive actions where the relationship between the state official sought to be enjoined and the enforcement of the state statute is significantly attenuated. Such cases have been dismissed on the ground that [g]eneral authority to enforce the laws

8

Case 5:20-ct-03066-FL   Document 48   Filed 09/28/21   Page 8 of 13

of the state is an insufficient ground for abrogating Eleventh Amendment
immunity.

South Carolina Wildlife Fed'n v. Limehouse, 549 F.3d 324, (4th Cir. 2008) (internal quotation marks and citations omitted). As such, the "special relation" requirement "has served as a measure of proximity to and responsibility for the challenged state action." Id. (emphasis in original). In determining whether the requisite connection exists, the court may look at state law and duties of enforcement imposed therein. See id. (citing Lytle, 240 F.3d at 409-10).

Defendant Freeman argues that she is the Wake County District Attorney, but plaintiff has since moved to New Hanover County. (Freeman Mem. (DE 32) at 11). Plaintiff has indicated to the court that he lives in Holly Ridge, North Carolina, which is located in Onslow County. (Pl.'s Attorney Mot. to Withdraw (DE 45) ¶ 10; Pl.'s Notice of Self-Representation (DE 47) at 1). Defendant Freeman only prosecutes criminal violations occurring in Wake County. See N.C. Gen. Stat. §§ 7A-60(a1), 7A-61, 14-208.11. As such, defendant Freeman would no longer prosecute plaintiff for failure to register. Defendant Freeman does not have the requisite special relation or connection of enforcing plaintiff's registration requirement. Accordingly, the claims against defendant Freeman will be dismiss for lack of personal jurisdiction.

   ii. Remaining Defendants

The remaining defendants also argue that they lack the requisite required connection to the alleged constitutional violation and should be dismissed from this case. (Hooks, Shurmeier, Stein Mem. (DE 37) at 11-12). They further argue that defendants have no statutory or common law authority to criminally charge an individual with failing to register as a sex offender and have never threatened to criminally prosecute plaintiff. (Id. at 11). As noted above, defendant Stein

9

is the Attorney General of North Carolina; defendant Shurmeier is the Director of the State of North Carolina State Bureau of Investigation, and defendant Hooks is the Secretary of the North Carolina Department of Public Safety. (Id. at 1).

Plaintiff fails to allege or cite any legal authority regarding any connection of enforcement defendant Shurmeier would have to prosecuting plaintiff for failure to register as a sex offender. However, under North Carolina law, at the request of a district attorney, the Attorney General is authorized to "prosecute or assist in the prosecution of criminal cases." N.C. Gen. Stat. § 114-11.6. Additionally, the North Carolina Department of Public Safety is the designated custodian of the statewide North Carolina registry and is responsible for compiling and keeping current a central statewide sex offender registry. N.C. Gen. Stat. § 14-208.14. Thus, both defendants Stein and Hooks have a sufficient connection of enforcement. See Lytle, 240 F.3d at 409 (determining a sufficient connection of enforcement existed where defendant had a duty to take care that the laws be faithfully executed) (quotation marks omitted)); Meredith v. Stein, 5:17-CV-528-BO, 2018 WL 2050143, at *2-3 (E.D.N.C. May 2, 2018) (concluding the court had personal jurisdiction over defendants Stein and others where plaintiff brought lawsuit seeking removal from the North Carolina sex offender registry).

Defendants also argue that there is a lack of personal jurisdiction because defendants have not threatened plaintiff with criminal prosecution. However, the test is not whether plaintiff has been threatened with prosecution, but whether "plaintiff[] face[s] 'a credible threat of prosecution.'" Holder v. Humanitarian Law Project, 561 U.S. 1, 15 (2010). Here, should plaintiff fail to register, he would face the threat of prosecution.

Plaintiff has failed to demonstrate that defendant Shurmeier has enough of a connection to enforcement of criminal laws in North Carolina to satisfy the requirements under Ex parte Young. Regarding defendants Stein and Hooks, such a connection indeed exists. Accordingly, plaintiff's claims against defendant Shurmeier will be dismissed for lack of personal jurisdiction, but the claims against defendants Stein and Hooks will not.

B.     Failure to State a Claim

Defendants argue that the complaint should be dismissed for failure to state a claim, in part, because plaintiff's requirement to register was not based on substantial similarity as he argues. Pursuant to the Fourteenth Amendment, no state shall "deprive any person of life, liberty, or property, without due process of law," U.S. Const. amend. XIV, and it protects "the individual against arbitrary action of government," Wolff v. McDonnell, 418 U.S. 539, 558 (1974). The court examines procedural due process claims in two steps: 1) "whether there exists a liberty or property interest which has been interfered with by the State"; and 2) "whether the procedures attendant upon that deprivation were constitutionally sufficient." Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989). Further, "when the government deprives a person of a protected liberty interest . . . , it is obligated to provide 'notice and opportunity for hearing appropriate to the nature of the case.'" D.B. v. Cardall, 826 F.3d 721, 741-42 (4th Cir. 2016) (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 313 (1950)).

"States are not barred by principles of due process from drawing classifications among sex offenders and other individuals." Connecticut Dep't of Pub. Safety v. Doe, 538 U.S. 1, 4 (2003). Further, when registration on a state sex offender registry hinges on a conviction alone, the

11

offender was afforded "a procedurally safeguarded opportunity to contest" the conviction at the time of the conviction. Id. at 7.

In North Carolina, a reportable conviction requiring registration as a sex offender includes:

> [a] final conviction in another state of an offense, which if committed in this State, is substantially similar to an offense against a minor or a sexually violent offense as defined by this section, <u>or a final conviction in another state of an offense that requires registration under the sex offender registration statutes of that state</u>.

N.C. Gen. Stat. § 14-208.6(4)(b) (emphasis added). If one is required to register because of an out of state offense requiring registration in that state, officials in North Carolina lack discretion in placing the individual on the North Carolina sex offender registration because the "portion of [the] statute[] which required . . . registration [is] mandatory." Bunch v. Britton, 253 N.C. App. 659, 677-78, 802 S.E. 2d 462, 475 (2017).

Here, plaintiff was convicted of an offense in Florida and required to register on Florida's sex offender registry. (See Am. Compl. (DE 12) at 2-3). Thus, the requirement that plaintiff register as a sex offender in North Carolina based on his conviction and registration in Florida was mandatory. Thus, the sheriff's act in requiring plaintiff to register was not discretionary. Plaintiff's procedurally safeguarded opportunity to contest the conviction occurred at the time of his conviction in Florida in 2002. Accordingly, plaintiff's due process rights were not violated when he was required to register as a sex offender in North Carolina, and he has failed to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, defendants' motions to dismiss (DE 31, 36) are GRANTED. To the extent plaintiff makes claims challenging the Florida state court's decisions, such claims are

12

dismissed for lack of subject matter jurisdiction. Plaintiff's claims against defendants Freeman and Shurmeier are dismissed for lack of personal jurisdiction. Plaintiff's remining claims are dismissed for failure to state a claim. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of September, 2021.

LOUISE W. FLANAGAN
United States District Judge

13

Case 5:20-ct-03066-FL   Document 48   Filed 09/28/21   Page 13 of 13